1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MELKIOR LUMENTUT,                          No.  2:12-cv-2463 MCE GGH P

12               Petitioner,

13        v.                                     ORDER

14   JAMES HARTLEY,

15               Respondent.

16

17        Petitioner's application for a writ of habeas corpus was dismissed in part and denied in

18   part on October 14, 2014 and judgment was entered at that time.   Petitioner has now filed a

19   request that all of his case information be removed from public access due to the sensitive nature

20   of his case, and his fear that his safety is in danger, based on his recent discovery that this

21   information is available in his prison's law library.

22        An appeal is pending with the Ninth Circuit Court of Appeals in regard to the

23   aforementioned judgment.  "The filing of a notice of appeal is an event of jurisdictional

24   significance—it confers jurisdiction on the court of appeals and divests the district court of its

25   control over those aspects of the case involved in the appeal."  Griggs v. Provident Consumer

26   Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982).  Its purpose is to avoid

27   both the inefficiency and confusion of two courts considering the same issues at the same time.

28   Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir. 1983).  This rule of

1

1  exclusive appellate jurisdiction is not absolute, however.  Id.  The district court is permitted to

2  consider ancillary matters during the pendency of an appeal, Perry v. City of San Francisco, 2011

3  WL 2419868 *1 (9th Cir. Apr. 27, 2011),  as long as it does not "adjudicate anew the merits of

4  the case" or "materially alter the status of the case on appeal."  Natural Res. Def. Council Inc. v.

5  Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).

6          Petitioner's request is an ancillary matter which will not impact his appeal, and therefore

7  this court has jurisdiction to decide it.  Nevertheless, the information which petitioner seeks to

8  keep private has already been in the public domain for years before his case was filed in this

9  court.  For example, petitioner's state court case has been accessible on Westlaw since sometime

10 after December 8, 2010, when his appeal was decided by the California Court of Appeals.  See

11 People v. Lumentut, 2010 WL 4970868 (2010).  A Google search of petitioner's name indicates

12 that other search websites have published information about his case.  See www.gpo.gov;

13 www.leagle.com.  These same websites regularly publish decided cases as soon as rulings have

14 been issued.  Since this information has been released to third parties, the court has no authority

15 to order those third parties to remove information about his case from their websites.

16         Petitioner is advised that he might try contacting the various legal websites directly, and

17 request that his case be removed from their database.

18         Accordingly, IT IS HEREBY ORDERED that:  Petitioner's December 8, 2014 (ECF No.

19 32) request for an order that his case be removed from publication is denied.

20  Dated: December 12, 2014

21                              /s/ Gregory G. Hollows

22                         UNITED STATES MAGISTRATE JUDGE

23

24

25  GGH:076/lume2463.seal

26

27

28
                                        2